**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KEITH WESLEY EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00359-JD |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States

Magistrate Judge Amanda L. Maxfield. [Doc. No. 5]. For the reasons outlined below, the

Court accepts the R. & R.

I.      **ANALYSIS**

Petitioner is a *pro se* state pre-trial detainee who filed a petition initiating this case

seeking "habeas stay of detention" and a writ of mandamus. [Doc. No. 1 at 1]. The Court

referred the matter to Judge Maxfield for preliminary review consistent with 28 U.S.C.

§ 636(b)(1)(B) and (C). [Doc. No. 3]. The R. & R. screened the petition and concluded

that the Court should dismiss Petitioner's claims without prejudice. [Doc. No. 5 at 10].

The R. & R. determined that (1) the Court lacks jurisdiction over a mandamus claim

against state and local officials, (2) Petitioner cannot bring habeas claims on behalf of

others, and (3) the Court should dismiss Petitioner's habeas claim because he is involved

in ongoing felony and misdemeanor prosecutions in state court. [*Id.* at 4–9].

The R. & R. advised Petitioner of his right to object by June 16, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 10].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Petitioner did not file an objection to the R. & R. by the deadline of June 16, 2026, and thus waived his right to challenge the recommended disposition. Nor did Petitioner seek an extension of time to file an objection. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Alternatively, conducting a de novo review, the Court concludes that Judge Maxfield did not commit factual or legal errors in her recommendation that the Court dismiss the petition without prejudice.

## II.   <u>CONCLUSION</u>

Accordingly, for the above reasons, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 5]. The Court, therefore, DISMISSES Petitioner's petition without prejudice. [Doc. No. 1]. To the extent it is necessary, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 24th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE